NO. 07-04-0013-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 19, 2004



______________________________




CARLOS FERRER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403301; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Carlos Ferrer appeals his conviction for aggravated sexual assault. The clerk's
record was filed on February 23, 2004, and the reporter's record was filed on May 20,
2004. Appellant's brief was due on June 21, 2004, but was not filed by that date. On July
22, 2004, this court notified appointed counsel for appellant that neither the brief nor an
extension of time to file appellant's brief had been filed. Counsel for appellant was also
admonished that if appellant's brief was not filed by August 2, 2004, the appeal would be
abated to the trial court. That date has passed, and appellant has not filed a brief or moved
for an extension. 

 Consequently, we abate this appeal and remand the cause to the 140th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and thereafter, conduct a hearing to
determine the following;


 whether appellant desires to prosecute the appeal;
 whether appellant is indigent and entitled to appointed counsel; and, 



 
 whether appellant has been denied the effective assistance of counsel due
to appellate counsel's failure to timely file an appellate brief. See Evitts v.
Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828
(1985) (holding that indigent defendant is entitled to the effective assistance
of counsel on the first appeal as a matter of right and that counsel must be
available to assist in preparing and submitting an appellate brief).

 


Tex. R. App. P. 38.8(b)(2).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the appeal.
The name, address, phone number, fax number and state bar number of the new counsel
who will represent appellant on appeal must also be included in the court's findings of fact
and conclusions of law. Furthermore, the trial court shall also cause to be developed (1)
a supplemental clerk's record containing the findings of fact and conclusions of law and (2)
a supplemental reporter's record transcribing the evidence and argument presented at the
hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the
supplemental clerk's record and the supplemental reporter's record to be filed with the clerk
of this court on or before September 17, 2004. Should additional time be needed to
perform these tasks, the trial court may request additional time before September 17, 2004.


 Per Curiam


Do not publish.



_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53108-E; HON. ABE LOPEZ, PRESIDING
_______________________________

                                                    Memorandum Opinion
                                          _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          The appeal before us involves the offense of indecency with a child by exposure. 
 Appellant Roy Leonard Mathre contests his conviction by claiming that the trial court erred
in admitting hearsay testimony. We affirm the judgment. 
          Background
          Appellant was accused of exposing his genitals to a ten-year-old girl in a laundromat
in Amarillo.


 She reported the incident to her older brother who was with her. In turn, he
told two other persons who were also there. One of those persons immediately called the
police. The testimony of the two persons whom the victim’s brother contacted was
tendered as outcry, and the trial court allowed them to testify on that basis. However,
Officer Walter McGallian and the complainant’s father Jimmy Patterson were also
permitted to testify to what the complainant told them about the incident. Appellant
contends this was error.
          Standard of Review and Application 
           We review the trial court’s decision to admit evidence under the standard of abused 
discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). So too must
we uphold the decision if it is supported by any applicable theory of law. McDonald v.
State, 148 S.W.3d 598, 603 (Tex. App.–Houston [14th Dist.] 2004), aff’d, 179 S.W.3d 571
(Tex. Crim. App. 2005); Carter v. State, 145 S.W.3d 702, 707, (Tex. App.–Dallas 2004,
pet. ref’d). 
          When McGallian, the initial responding police officer, attempted to testify to what the
complainant told him had happened, appellant objected on the ground of hearsay. The
court overruled the objection. The basis of the court’s ruling was not disclosed in the
record; however, just prior to the subject testimony, the officer said that both children were
very upset and the complainant was crying. Moreover, that demeanor is of import because
statements relating to startling events or conditions made while the declarant was under
the stress of excitement caused by the event or condition is an exception to the hearsay
rule. Tex. R. Evid. 803(2). 
          So, the question to be determined here is whether the declarant was still dominated
by the emotions, excitement, fear or pain of the event when speaking with the officer. King
v. State, 953 S.W.2d 266, 269 (Tex. Crim. App. 1997). And, based upon the officer’s
description of the complainant’s condition at the time he interviewed her as well as her
young age, we cannot say the trial court’s decision to admit the testimony fell outside the
zone of reasonable disagreement and constituted an abuse of discretion. See Davis v.
State, 169 S.W.3d 660, 671 (Tex. App.–Austin 2005), aff’d, 203 S.W.3d 845 (Tex. Crim.
App. 2006) (holding that a statement made to an officer shortly after the event when the
complainant was sobbing and appeared hysterical was an excited utterance). 
          Next, appellant complains of the admission of the same evidence told by the
complainant to the children’s father Jimmy Patterson when he arrived at the laundromat
after the incident. Again, appellant objected on the basis of hearsay. In response, the
State sought admission of the evidence under the excited utterance exception. According
to Patterson, his daughter shook, her voice trembled, her face was red, she had an altered
breathing pattern, she was crying, and she appeared generally traumatized when he spoke
with her. 
          While a bit of time elapsing between a startling event and the hearsay statement is
a factor to be considered when assessing whether the statement was an excited utterance,
Bufkin v. State, 179 S.W.3d 166, 171 (Tex. App.–Houston [14th Dist.] 2005), aff’d, 207
S.W.3d 779 (Tex. Crim. App. 2006), it is not dispositive. See Apolinar v. State, 155
S.W.3d 184, 190-91 (Tex. Crim. App. 2005) (finding that, under the circumstances, the
elapse of four days did not prevent the statement from being an excited utterance); White
v. State, 201 S.W.3d 233, 246 (Tex. App.–Fort Worth 2006, pet. ref’d) (finding that a
statement made by the victim in a second interview after the defendant had been
interviewed by police, the complainant had put on more clothes, and another officer had
arrived was an excited utterance when the victim was still visibly shaken). And given the
emotional state of the victim as described by her father when he spoke with her, we cannot
say that a decision to consider the utterance an excited one fell outside the zone of
reasonable disagreement and constituted an abuse of discretion. 
          Accordingly, appellant’s issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 

Do not publish.